## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DOUG LONGHINI,

      Plaintiff,

v.

BVK LONDON SQUARE LLC;
CHARCOALS GRILL, INC.; SERGIO'S
RESTAURANT 3, INC.; LITTLE BY
LITTLE, INC. d/b/a TROPICAL
SMOOTHIE CAFE; SI-RIN, LLC; and
SUBWAY AT LONDON SQUARE, INC.,

      Defendants.

_____/

## **COMPLAINT**

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues BVK LONDON SQUARE LLC; CHARCOALS GRILL, INC.; SERGIO'S RESTAURANT 3, INC.; LITTLE BY LITTLE, INC. d/b/a TROPICAL SMOOTHIE CAFE, LLC; SI-RIN, LLC; and SUBWAY AT LONDON SQUARE, INC. (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1.    This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42

U.S.C. § 12181, et seq.

4.     Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, residing in Miami-Dade County, Florida, and is otherwise *sui juris.*

5.     At all times material, Defendant, BVK LONDON SQUARE LLC, owned and operated a retail shopping center at 13630 SW 120th Street, Miami, Florida 33186 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade, Florida. BVK LONDON SQUARE LLC, holds itself out to the public as "London Square."

6.     At all times material, Defendant, BVK LONDON SQUARE LLC, was and is a Foreign Limited Liability Company, organized under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois.

7.     At all times material, Defendant, CHARCOALS GRILL, INC., owned and operated a commercial restaurant at 13550 SW 120th Street, Miami, Florida 33186[1] (hereinafter the "Commercial Property") and conducted a substantial amount of business in the place of public accommodation in Miami-Dade, Florida. CHARCOALS GRILL, INC. holds itself out to the public as "Charcoals Steak & Grill."

8.     At all times material, Defendant, CHARCOALS GRILL, INC., was and is a Florida Profit Corporation, incorporated under the laws of the State of Florida, with its principal place of business in Miami, Florida.

9.     At all times material, Defendant, SERGIO'S RESTAURANT 3, INC., owned and operated a commercial restaurant at 13550 SW 120th Street, Miami, Florida 33186[2] (hereinafter

---

[1] This address is within the retail shopping center owned and operated by Defendant, BVK LONDON SQUARE LLC, located at 13630 SW 120th Street, Miami, Florida 33186.

[2] This address is within the retail shopping center owned and operated by Defendant, BVK LONDON SQUARE LLC, located at 13630 SW 120th Street, Miami, Florida 33186.

2

the "Commercial Property") and conducted a substantial amount of business in the place of public accommodation in Miami-Dade, Florida. SERGIO'S RESTAURANT 3, INC. holds itself out to the public as "Sergio's Restaurant #3."

10.     At all times material, Defendant, SERGIO'S RESTAURANT 3, INC., was and is a Florida Profit Corporation, incorporated under the laws of the State of Florida, with its principal place of business in Miami, Florida.

11.     At all times material, Defendant, LITTLE BY LITTLE, INC. d/b/a TROPICAL SMOOTHIE CAFE, owned and operated a commercial restaurant at 13550 SW 120th Street, Miami, Florida 33186[3] (hereinafter the "Commercial Property") and conducted a substantial amount of business in the place of public accommodation in Miami-Dade, Florida. LITTLE BY LITTLE, INC. holds itself out to the public as "Tropical Smoothie Café."

12.     At all times material, Defendant, LITTLE BY LITTLE, INC. d/b/a TROPICAL SMOOTHIE CAFE, was and is a Foreign Limited Liability Company, organized under the laws of the State of Georgia, with its principal place of business in Atlanta, Georgia.

13.     At all times material, Defendant, SI-RIN, LLC, owned and operated a commercial restaurant at 13440 SW 120th Street, Miami, Florida 33186[4] (hereinafter the "Commercial Property") and conducted a substantial amount of business in the place of public accommodation in Miami-Dade, Florida. SI-RIN, LLC holds itself out to the public as "Sea Siam Restaurant."

14.     At all times material, Defendant, SI-RIN, LLC, was and is a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

---

[3] This address is within the retail shopping center owned and operated by Defendant, BVK LONDON SQUARE LLC, located at 13630 SW 120th Street, Miami, Florida 33186.
[4] This address is within the retail shopping center owned and operated by Defendant, BVK LONDON SQUARE LLC, located at 13630 SW 120th Street, Miami, Florida 33186.

15.     At all times material, Defendant, SUBWAY AT LONDON SQUARE, INC., owned and operated a commercial restaurant at 13630 SW 120th Street, Miami, Florida 33186 (hereinafter the "Commercial Property") and conducted a substantial amount of business in the place of public accommodation in Miami-Dade, Florida. SUBWAY AT LONDON SQUARE, INC. holds itself out to the public as "Subway #29354."

16.     At all times material, Defendant, SUBWAY AT LONDON SQUARE, INC., was and is a Florida Profit Corporation, incorporated under the laws of the State of Florida, with its principal place of business in Miami, Florida.

17.     Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

<u>FACTUAL ALLEGATIONS</u>

18.     Although over twenty-eight (28) years has passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

19.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' businesses and properties.

20.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

21.     Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA.  DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist.  He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair.  He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

22.     Defendant, BVK LONDON SQUARE LLC, owns, operates and oversees the Commercial Property, its general parking lot and parking spots.

23.     The subject Commercial Property is open to the public and is located in Miami Gardens, Miami-Dade County, Florida.

24.     The individual Plaintiff visits the Commercial Property and business located within the Commercial Property, regularly, and returned to the Property to document the ADA barriers at the Commercial Property and business located within the Commercial Property on or about March 18, 2021 encountering multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and business located therein. He often visits the Commercial Property and business located within the Commercial Property in order to avail himself of the goods and services offered there, and because it is approximately five (5) miles from his residence, and is near his friends' residences as well as other business he frequents as a patron. He plans to return to the Commercial Property and the business located within the Commercial Property within two (2) months of filing this Complaint, specifically on May 21, 2021.

25.     Plaintiff resides nearby in the same County and state as the Commercial Property and the business located within the Commercial Property, has regularly frequented the

Defendants' Commercial Property and the business located within the Commercial Property for the intended purposes because of the proximity to his and his friends' residences and other business that he frequents as a patron, and intends to return to the Commercial Property and business located within the Commercial Property within two (2) months from the filing of this Complaint. Specifically, Plaintiff intends to revisit the Property on or before May 21, 2021.

26.     The Plaintiff found the Commercial Property, and the business located within the Commercial Property to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the Commercial Property, and business located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

27.     The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and business located within the Commercial Property. The barriers to access at Defendants' Commercial Property, and the business located within the Commercial Property has each denied or diminished Plaintiff's ability to visit the Commercial Property, and business located within the Commercial Property, and has endangered his safety in violation of the ADA.  The barriers to access, which are set forth below, has likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

28.     Defendants, BVK LONDON SQUARE LLC; CHARCOALS GRILL, INC.; SERGIO'S RESTAURANT 3, INC.; LITTLE BY LITTLE, INC. d/b/a TROPICAL SMOOTHIE CAFE; SI-RIN, LLC; and SUBWAY AT LONDON SQUARE, INC., own and operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendants, BVK LONDON SQUARE LLC; CHARCOALS GRILL, INC.; SERGIO'S RESTAURANT 3, INC.; LITTLE BY LITTLE, INC. d/b/a

TROPICAL SMOOTHIE CAFE; SI-RIN, LLC; and SUBWAY AT LONDON SQUARE, INC., are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, BVK LONDON SQUARE LLC; CHARCOALS GRILL, INC.; SERGIO'S RESTAURANT 3, INC.; LITTLE BY LITTLE, INC. d/b/a TROPICAL SMOOTHIE CAFE; SI-RIN, LLC; and SUBWAY AT LONDON SQUARE, INC., own and/or operate is located at 13630 SW 120th Street, Miami, Florida 33186.

29.     Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the business located within the Commercial Property, including but not necessarily limited to the allegations in this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located therein, not only to avail himself of the goods and services available at the Commercial Property, and business located within the Commercial Property, but to assure himself that the Commercial Property and business located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will has full and equal enjoyment of the Commercial Property, and business located within the Commercial Property without fear of discrimination.

30.     Defendant, BVK LONDON SQUARE LLC, as landlord and owner of the Commercial Property Business, is responsible for all ADA violations listed in all Counts of this Complaint.

31.     Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages

and/or accommodations of the Commercial Property, and business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

**COUNT I – ADA VIOLATIONS**
**AS TO BVK LONDON SQUARE LLC**

32.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 31 above as though fully set forth herein.

33.     Defendant, BVK LONDON SQUARE LLC, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

I.  Parcel One

A.  Entrance Access and Path of Travel

i.   The plaintiff had difficulty using ramps, as they are located on an excessive slope. Violation: Ramps at the facility contain excessive slopes, violating Section 4.8.2 of the ADAAG and Section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.  The plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The plaintiff had difficulty on the path of travel at the facility, as ramps do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

II. <u>Parcel Two</u>

A. <u>Parking</u>

i. The plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Entrance Access and Path of Travel</u>

i. The plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The plaintiff had difficulty on the path of travel at the facility, as ramps do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. Staircases present vertical clearances that are less than 80" high due to the lack of any barrier that would prevent a person from colliding into them, violating Section 4.4.2 of ADAAG and Section 307.4 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

vi. The plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The plaintiff had difficulty entering tenant spaces without assistance, as the entrance thresholds are too high. Violation: There are threshold rises in excess of ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. There are objects on the path of travel at the facility that protrude more than the maximum allowable, violating Section 4.4.1 of ADAAG and Section 307.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ix. The plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT II – ADA VIOLATIONS**
**AS TO BVK LONDON SQUARE LLC AND CHARCOALS GRILL, INC.**

34.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 31 above as though fully set forth herein.

35.    Defendants, BVK LONDON SQUARE LLC and CHARCOALS GRILL, INC., have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.  <u>Public Restrooms</u>

i.   The plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location and the rear grab bar is not the required length. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Section 604.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   The plaintiff had difficulty using the paper towels due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

iv.   The plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections

309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   The plaintiff had difficulty entering the restroom without assistance, as the door threshold is too high. Violation: There are threshold rises in excess of ½ inch at the restroom entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.   The plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.   The plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 & 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT III – ADA VIOLATIONS**
**AS TO BVK LONDON SQUARE LLC AND SERGIO'S RESTAURANT 3, INC.**

36.   The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 31 above as though fully set forth herein.

37.   Defendants, BVK LONDON SQUARE LLC and SERGIO'S RESTAURANT 3, INC., have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.   Entrance Access and Path of Travel

i.   The plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

B.   Access to Goods and Services

i.   The plaintiff could not utilize the bar counter, as it is mounted too high. Violation: There are bar counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

C.   Public Restrooms

i.   The plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.  The plaintiff could not use the lavatory, as the pipes are not fully wrapped and objects are located underneath them. Violation: There are lavatories with pipes that are not properly insulated and not properly maintained free of obstructions, violating the requirements in Sections 4.19.2, 4.19.4 of the ADAAG, 28 CFR 36.211, and Sections 606.2 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.  The plaintiff had difficulty opening the restroom door without assistance, as the door pressure

to operate the door was excessive. Violation: There are doors at the facility that require excessive force to open them, in violation of Section 4.13.11 of the ADAAG and Section 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

v.  The plaintiff was exposed to a cutting/burning hazard because the lavatories outside the accessible toilet compartment have pipes that are not properly insulated. Violation: The lavatory pipes are not fully insulated outside the accessible toilet compartment violating Section 4.19.4 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.  The plaintiff could not enter the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.  There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.  The plaintiff had difficulty using the doorknob and the locking mechanism on the restroom door without assistance, as they require tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.  The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

x.   The plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

### COUNT IV – ADA VIOLATIONS
### AS TO BVK LONDON SQUARE LLC AND LITTLE BY LITTLE, INC. d/b/a
### TROPICAL SMOOTHIE CAFE

38.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 31 above as though fully set forth herein.

39.     Defendants, BVK LONDON SQUARE LLC and LITTLE BY LITTLE, INC. d/b/a TROPICAL SMOOTHIE CAFE, have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.   Access to Goods and Services

i.   There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

B.   Public Restrooms

i.   There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant

hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   The plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.   The plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   The plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT V – ADA VIOLATIONS
AS TO BVK LONDON SQUARE LLC AND SI-RIN, LLC**

40.   The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 31 above as though fully set forth herein.

41.   Defendants, BVK LONDON SQUARE LLC and SI-RIN, LLC, have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to,

the following:

   A. <u>Access to Goods and Services</u>

  i. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

   B. <u>Public Restrooms</u>

  i. The restroom signage is not mounted at the required location, violating Section 4.30.6 of the ADAAG and Section 703.4 of the 2010 ADA Standards, whose resolution is readily achievable.

  ii. The plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

  iii. The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

  iv. The plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

  v. The plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the

clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT VI – ADA VIOLATIONS**
**AS TO BVK LONDON SQUARE LLC AND SUBWAY AT LONDON SQUARE, INC.**

42.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 31 above as though fully set forth herein.

43.     Defendants, BVK LONDON SQUARE LLC and SUBWAY AT LONDON SQUARE, INC., have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.  Entrance Access and Path of Travel

i.  There are objects on the path of travel at the facility that protrude more than the maximum allowable, violating Section 4.4.1 of ADAAG and Section 307.2 of the 2010 ADA Standards, whose resolution is readily achievable.

B.  Public Restrooms

i.  The plaintiff could not use the lavatory faucets without assistance, as they require a tight grasp and twist to operate. Violation: Compliant faucets are not provided at the lavatory violating Sections 4.19.5 and 4.27.4 of the ADAAG and Sections 309.4 and 606.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.  The plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance

with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA

Standards, whose resolution is readily achievable.

iii.   The plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the

clear floor space. Violation: The required clear floor space is not provided next to the toilet,

violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010

ADA Standards, whose resolution is readily achievable.

## <u>RELIEF SOUGHT AND THE BASIS</u>

44.     The discriminatory violations described in all Counts are not an exclusive list of

the Defendants' ADA violations.  Plaintiff requests an inspection of the Defendants' places of

public accommodation in order to photograph and measure all of the discriminatory acts violating

the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further

requests to inspect any and all barriers to access that were concealed by virtue of the barriers'

presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal

enjoyment of the Commercial Business and business located within the Commercial Property;

Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely

notice.  A complete list of the Subject Premises' ADA violations, and the remedial measures

necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant

to Federal Rule of Civil Procedure 34.

45.     The individual Plaintiff, and all other individuals similarly situated, have been

denied access to, and have been denied full and equal enjoyment of the goods, services, facilities

privileges, benefits, programs and activities offered by Defendants, Defendants' buildings,

business and facilities; and has otherwise been discriminated against and damaged by the

Defendants because of the Defendants' ADA violations as set forth above.  The individual

Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

46.     Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

47.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

48.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such

discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

49.    Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

50.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate the business, located at and/or within the commercial property located 13630 SW 120th Street, Miami, Florida 33186, the exterior areas, and the common exterior areas of the Commercial Property and business located within the Commercial Property, to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, The Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or

accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: April 15, 2021

> **GARCIA-MENOCAL & PEREZ, P.L.**
> *Attorneys for Plaintiff*
> 4937 S.W. 74th Court
> Miami, Florida 33155
> Telephone: (305) 553-3464
> Facsimile: (305) 553-3031
> Primary E-Mail: ajperez@lawgmp.com
> Secondary E-Mails: bvirues@lawgmp.com
> aquezada@lawgmp.com
>
> By: ____*/s/ Anthony J. Perez*_____
> ANTHONY J. PEREZ
> Florida Bar No.: 535451
> BEVERLY VIRUES
> Florida Bar No.: 123713